Argued and submitted May 13, A25828 affirmed; A25829 affirmed in part; reversed and remanded in part November 9, 1983

The FIRESIDE, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

TROY'S COPPER ROOM, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(81-T-120; CA A25828 control;
81-T-74; CA A25829)
(Cases consolidated)

671 P2d 734

Lawrence W. Erwin, Bend, argued the cause and filed the brief for petitioners.

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

■    In these consolidated unemployment tax assessment cases, we give our conclusions on the basis of our review of the record without an extended written analysis. *Ponderosa Inn, Inc., v. Emp. Div.,* 63 Or App 183, 193 n 1, 663 P2d 1291 (1983). Most of the assessments are for earnings by musicians who performed at these two night spots. The evidence is essentially similar to that in *Ponderosa Inn, Inc. v. Emp. Div., supra,* except that none of the musicians testified in either of these cases and there was no other evidence concerning the nature of their activities similar to that which the musicians gave in *Ponderosa Inn.* Petitioners have failed to meet their burden under ORS 657.683(4) to show that the musicians were exempt under ORS 657.040.

■■    Petitioners also argue that the contracts meet the requirements of ORS 657.506[1] in placing the burden of paying taxes on the lead musicians and that petitioners are therefore excused from paying the tax. With one exception, the contracts are insufficient to meet the statutory requirement. Many of them, in fact, specifically refer to the owners (petitioners) as the employers and to the lead musicians as the owners' agents. Other contracts have varying language, some noting that they do not determine responsibility for paying taxes and others purporting to shift the responsibility to each musician individually.[2] The only contract which meets the statutory criteria is one dated November 14, 1979, between Troy's Copper Room and Sammy Ussele. It provides that the leader

> "assumes all liability as the leader, rendering the service in connection with this contract and as leader, covenants and agrees to make appropriate deductions, reports and payments

---

[1] At the relevant times ORS 657.506 provided:

"If services are performed by a musician as a member of a group which has a written contract between the leader of the group and a person or organization by whom the group is engaged, the terms of which provide that the leader of the group shall be deemed the responsible party of the members of the group, then such contract shall be conclusive evidence that the leader is the responsible party and is responsible for the filing of reports and the payment of all employment taxes based upon the wages or earnings of the musicians performing services under the contract."

[2] Such a shift would be illegal under ORS 657.860.

required of an employer by any and all federal, state, city and county laws, rules and regulations."

Respondent concedes error as to this contract, and we agree.[3]

■      Finally, plaintiffs argue that certain individuals who provided non-musicial services are also exempt under ORS 657.040. The evidence concerning them is so sketchy that we cannot say that plaintiffs have met their burden.

Aside from a necessary modification due to the one conceded error, we affirm these cases. The reversal and remand in *Troy's Copper Room* is limited to the recalculation of the amount due after deleting the contract which we hold to be covered by ORS 657.506.[4]

Case CA A25828 affirmed; Case CA A25829 affirmed in part; reversed in part and remanded for recalculation of tax due.

---

[3] ORS 657.506 was amended by Or Laws 1983, ch 545, § 1, and it now provides:

"The person or organization engaging the services of a musician or musicians shall be considered the employer for the purposes of this chapter, except when the services are performed pursuant to a written contract which expressly designates one or more musicians who signed the contract as responsible for the filing of any reports and the payment of any taxes based upon wages or earnings of a musician or musicians performing services under the contract. A written contract which so designates a musician or musicians as responsible shall be conclusive evidence that the person or organization engaging the services is not the employer of a musician or musicians performing services under the contract. The musician or musicians who sign a written contract designating them as responsible shall, for the purposes of this chapter, be considered the employer of any musician performing services under the contract who did not sign the contract."

The amendment does not affect the result in this case.

[4] Petitioners contend that the referee's refusal to issue a subpoena to "Ray Thorne [Director of the Employment Division] or his designee" was error. The referee refused to issue the subpoena, because "the auditor who made the investigation will be at the hearing as a matter of course * * *." The tax auditor was at the hearing and testified. So far as we can determine, the auditor was the designee. In CA A25828, the auditor was not questioned on any subject that is now claimed to be a relevant issue. In CA A25829, whether the musicians received unemployment benefits is irrelevant in a proceeding under ORS 657.683. Whether the musicians earned the minimum amount required to be eligible for unemployment benefits was likewise irrelevant at the time of the hearing. ORS 657.040(3).