Argued and submitted June 8, affirmed in part, reversed in part and remanded
September 12, 1984

# THE FLAME, INC., dba
Taylor's Viewpoint,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION,
*Respondent.*

## (83-T-71; CA A30281)

687 P2d 1118

David P. Weiner, Portland, argued the cause and filed the brief for petitioner.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Petitioner seeks review of an Employment Division order assessing employment taxes against it for amounts which it paid in 1980 and 1981 to bands which performed at its nightspot. It argues that it complied with a statute authorizing the shifting of responsibility for the taxes to the bands and that, if it did not, the bands were independently established businesses and therefore were not covered by the employment law. We affirm in part, reverse in part and remand.

■　Petitioner first relies on the version of ORS 657.506 (*amended by* Or Laws 1983, ch 545, § 1) in effect in 1980 and 1981. It provided:

> "If services are performed by a musician as a member of a group which has a written contract between the leader of the group and a person or organization by whom the group is engaged, the terms of which provide that the leader of the group shall be deemed the responsible party of the members of the group, then such contract shall be conclusive evidence that the leader is the responsible party and is responsible for the filing of reports and the payment of all employment taxes based upon the wages or earnings of the musicians performing services under the contract."

A number of the contracts between petitioner and the bands provided that the band "agrees to assume all their [sic] payroll taxes and liabilities," or other similar language. Each contract was signed by a member of the band on behalf of the band. In some cases there is also evidence that the member signing was the band's leader. The contract language is insufficient to shift the responsibility for making reports and paying unemployment taxes to the person signing. There is nothing in any of the contracts which explicitly or implicitly designates the person signing as the responsible party or makes him responsible for the reports and the tax. Two band leaders, each of whom had signed a contract, testified. Each had, at best, only a vague notion that there was such a thing as an employment tax in addition to state and federal income and social security taxes, and they had no idea how such a tax might be paid. Petitioner failed to bring the agreements within the terms of ORS 657.506.[1] We turn to whether petitioner has shown that

---

[1] For an example of a contract which complies with former ORS 657.506, *see The Fireside, Inc. v. Emp. Div.*, 65 Or App 455, 457-58, 671 P2d 734 (1983).

the bands were independently established businesses. ORS 657.040(2)(a).

■■ The bands Jaguars (for part of the time), Reflex and Freeway had a clause in their contracts allowing petitioner to direct and control the manner in which they performed their services. The referee properly found that they were employes under the law. ORS 657.040(1). He also properly found that the other bands (and Jaguars during other periods) were free from petitioner's control. He found, however, that there was insufficient evidence to show that these bands had independently established businesses under ORS 657.040(2)(a). The question is not a simple one, but we conclude from a consideration of the facts the referee found and of other undisputed facts in the record that the referee was incorrect as to Jaguars (for the time when its contract did not give petitioner the right of control) and as to Manila Vanilla. We reverse the decision as to these bands and otherwise affirm.[2] *The Ponderosa Inn, Inc. v. Emp. Div.,* 63 Or App 183, 193 n 1, 663 P2d 1291 (1983).

Affirmed in part; reversed in part; and remanded for recalculation of employment tax owed by petitioner.

---

[2] We note that the 1983 change in ORS 657.506 should relieve many of the frustrations the Employment Division and this court experience in musicians cases. Under the current statute, the person who engages the musicians' services is considered their employer unless the contract expressly designates one or more of the musicians as the responsible party or parties. One or the other will be responsible, and it will no longer be necessary to apply the complex analysis of ORS 657.040(2)(a). *See* ORS 657.506(1).